IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KAREN ERICKSEN,

   Plaintiff,

   v.                                                     Civil Action No. RDB-14-3106

KAPLAN HIGHER EDUCATION,
LLC, *et al.*,

   Defendants.

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

**<u>MEMORANDUM ORDER</u>**

Plaintiff Karen Ericksen ("Ms. Ericksen" or "Plaintiff") filed this action against Defendants Kaplan Higher Education, LLC ("Kaplan") and TESST-KAP, LLC ("TESST") (collectively, "Defendants"), alleging various federal and state claims of employment discrimination.[1] On May 22, 2015, this Court referred this action to Magistrate Judge J. Mark Coulson of this Court to resolve a discovery dispute related to alleged spoliation of certain evidence. *See* Order, ECF No. 34. Specifically, review of Ms. Ericksen's computer by a third-party forensic computer expert revealed that, immediately prior to the examination, she had run several "optimizer" or "data destruction" programs[2] that had destroyed at least *some* data. Defendants argued that, as a result of Ms. Ericksen's actions, they could not determine the authenticity of the documents in question—a letter (the "Blount Letter") purporting to show that Ms. Ericksen was entitled to a raise, and an email (the "Gollnow Email") allegedly

---

[1] Although originally represented by counsel, this Court granted counsel's Motion to Withdraw as Attorney (ECF No. 39) on September 30, 2015. *See* Order, ECF No. 55. Ms. Ericksen now proceeds *pro se*.
[2] As Judge Coulson notes in his Report and Recommendations , the programs were alternately labeled a "tool to speed up a computer," a "data cleanup" tool, and a "destruction tool." Report and Recommendations, 3, ECF No. 58.

indicating that she was terminated as retaliation. Defendants thus filed the pending Motion for Sanctions (ECF No. 51) seeking, *inter alia*, the dismissal of this case.

In response to Defendants' Motion, Judge Coulson issued a Report and Recommendations (ECF No. 58). Judge Coulson recommended that this Court: (1) preclude the Blount Letter and Gollnow Email; (2) permit Defendants to present evidence related to the loss of evidence and instruct the jury that they may consider the circumstances of the loss, in addition to all other evidence presented at trial; and (3) award Defendants reasonable attorney's fees incurred in this discovery dispute. Defendants subsequently filed an objection (ECF No. 59), and Plaintiff filed her Objection (ECF No. 60).

This Court has reviewed Judge Coulson's Report and Recommendations and Defendants' and Plaintiff's respective submissions. Having conducted a *de novo* review of those portions of the Report and Recommendations to which an objection has been made, this Court concludes that the objections lack merit. Primarily, Defendants label Plaintiff's behavior as "egregious," thereby necessitating dismissal of the case. When spoliation has occurred, a court may impose a range of sanctions, from preclusion of evidence and reasonable attorney's fees, to dismissal with prejudice of the case. *Goodman v. Praxair Servs., Inc.*, 632 F. Supp. 2d 494, 506 (D. Md. 2009). Under the recently amended Rule 37(e) of the Federal Rules of Civil Procedure,[3] however, this Court need impose "measures *no greater than necessary* to cure the prejudice[.]" Fed. R. Civ. P. 37(e)(1) (emphasis added); *see also NuVasive, Inc. v. Madsen Medical, Inc.*, Case No. 13cv2077 BTM(RBB), 2016 WL 305096 (S.D. Cal. Jan. 26, 2016).

---

[3] The amendments to the Federal Rules of Civil Procedure took effect on December 1, 2015.

As Judge Coulson noted, Plaintiff acted willfully by running a computer program that she knew, given her computer expertise, would destroy at least *some* data. She may not now be permitted to present evidence that the Defendants could not, due to her actions, confirm is authentic. Judge Coulson's recommendations will cure the prejudice created by the loss of evidence by eliminating any risk that the jury deems the Blount Letter and Gollnow Email authentic. Dismissal is thus not a necessary antidote. This Court will abide by the high standard set forth by the amended Rule 37(e) and allow Plaintiff's case to proceed, but under the limitations articulated by Judge Coulson.

In sum, this Court will ACCEPT Judge Coulson's recommended disposition in accordance with Rule 72(b)(3) of the Federal Rules of Civil Procedure. Accordingly, it is this 22nd day of February, 2016, ORDERED that:

1. Judge Coulson's Report and Recommendations (ECF No. 58) is ADOPTED as an Order of this Court;

2. Defendants' Motion for Sanctions (ECF No. 51) is GRANTED IN PART and DENIED IN PART;

3. Plaintiff is precluded from introducing the Blount Letter or the Gollnow Email into evidence;

4. Defendants may present evidence related to the loss of evidence at trial; and

5. Plaintiff will pay Defendants' reasonable attorney fees incurred due to this dispute.

_____/s/_____
Richard D. Bennett
United States District Judge