## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| | * |
| KAREN ERICKSEN, | |
| | * |
| Plaintiff, | |
| | * |
| v. | Civil Action No. RDB-14-3106 |
| | * |
| KAPLAN HIGHER EDUCATION, LLC, et al., | |
| | * |
| Defendants. | |
| | * |

\*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*

### MEMORANDUM ORDER

Defendants Kaplan Higher Education, LLC and TESST-KAP, LLC ("defendants")

petition for an award of attorney's fees ("Defendants' Petition") (ECF No. 63) pursuant to

this Court's February 22, 2016 Order ("Order") (ECF No. 62) adopting Magistrate Judge

Coulson's Report and Recommendations ("R&R") (ECF No. 58) regarding defendants'

Motion for Sanctions (ECF No. 51).[1]  The parties' submissions have been reviewed, and no

hearing is necessary.  *See* Local Rule 105.6 (D. Md. 2016).  For the reasons stated below,

Defendants' Petition (ECF No. 63) is GRANTED in part, and plaintiff is directed to pay

defendants' reasonable attorney's fees as set forth below.


### BACKGROUND

The facts giving rise to this matter are set forth in Judge Coulson's R&R (ECF No.

58) and supplemented in this Court's Order (ECF No. 64).  For purposes of the present

---

[1] Plaintiff filed a Motion to Vacate the Court's Order adopting the R&R.  (ECF No. 64.)  By a separate order issued today, this Court denied the Motion to Vacate.

Petition, the Court repeats Judge Coulson's discussion of the propriety sanctions in this

matter:

> "I do find, however, that even accepting Plaintiff's version of events, she acted willfully in that she acknowledged potentially relevant evidence was contained on her computer and nonetheless ran a program that she knew would destroy some data. That is, spoliation, "though not conducted in bad faith, could yet be 'intentional,' 'willful,' or 'deliberate.'" *Buckley v. Mukasey*, 538 F.3d 306, 323 (4th Cir. 2008). Plaintiff's willful state of mind could justify an adverse inference about Plaintiff's consciousness of the weakness of her case. *See Vodusek v. Bayliner Marine Corp.*, 71 F.3d 148, 155-57 (4th Cir. 1995).

> This case is analogous to the situation in *Praxair*, where Judge Grimm found that the destruction of a laptop and of certain emails—though not necessarily in bad faith—was willful and supported the issuance of an adverse inference instruction. *Praxair*, 632 F. Supp. 2d at 522-23. Likewise, Plaintiff's conduct in this case justifies a remedy that "levels the evidentiary playing field." *Vodusek*, 71 F.3d at 156. This Court's goal is that the sanction should "(1) deter parties from engaging in spoliation; (2) place the risk of an erroneous judgment on the party who wrongfully created the risk; and (3) restore the prejudiced party to the same position he would have been in absent the wrongful destruction of evidence by the opposing party." *Victor Stanley Inc. v. Creative Pipe, Inc.*, 269 F.R.D. 497, 534 (D. Md. 2010). The court must "impose the least harsh sanction that can provide an adequate remedy." *Victor Stanley*, 269 F.R.D. at 534 (quoting *Pension Comm. Of Univ. of Montreal Pension Plan v. Banc of Am. Sec.*, 685 F. Supp. 2d 456, 469 (S.D.N.Y. 2010)).

> With this in mind, I recommend that the Court preclude the Blount Letter and the Gollnow Email from evidence. Having been deprived of the opportunity to definitively disprove the authenticity of those documents, Defendants should not suffer any risk that the documents will be deemed authentic by the jury, especially given that the documents, if believed by a jury, are significantly favorable to Plaintiff's case, as can be inferred by their specific inclusion in her Amended Complaint.  This alone, however, does not level the evidentiary playing field. Plaintiff's computer may have contained additional evidence helpful to Defendants' case including possible admissions by Plaintiff, evidence that corroborates other portions of Defendants' defense, or additional evidence supporting a potentially improper motive in Plaintiff's filing of the instant suit. Accordingly, I also recommend that Defendants, at their discretion, be permitted to present evidence to the jury of Plaintiff's conduct concerning the circumstances of the loss of evidence in this case as well as the likely relevance of that evidence, and that the jury be instructed that they may consider such circumstances, along with all the other evidence and

testimony in the case, in reaching their decision. Of course, the trial judge is in the best position to fashion the precise language for this instruction based on the evidence and testimony at trial. Finally, I recommend that Defendants be awarded reasonable attorney's fees incurred in drafting ECF No. 51, unless the District Judge determines that Plaintiff has no practical ability to pay.

(ECF No. 58 at 10-12) (footnotes omitted).

STANDARD OF REVIEW

In order to properly determine an award of reasonable attorneys' fees, the court must calculate the "lodestar amount" by multiplying the number of hours reasonably expended times a reasonable hourly rate. *Blum v. Stenson*, 465 U.S. 886, 888 (1984); *Grissom v. Mills Corp.*, 549 F.3d 313, 320-21 (4th Cir. 2008). Defendants have followed this methodology in calculating their request for fees. Furthermore, the movant must demonstrate that "the number of hours for which [it] seeks reimbursement is reasonable and does not include hours that are excessive, redundant, or otherwise unnecessary." *Victor Stanley, Inc. v. Creative Pipe, Inc.*, 2011 WL 2552472, at *3 (D. Md. Jan. 24, 2011) (internal quotation marks omitted).

ANALYSIS

The Court finds that the hourly rates requested are reasonable. The hourly rates requested by attorneys Hemmendinger ($415), Teare ($265), Thoeni ($235), and Skeabeck ($225) are consistent with the guidelines set forth in this Court's Local Rules for attorneys of their respective degrees of experience. *See* Appendix B to Local Rules (D. Md. 2016.) So, too, are the hourly rates requested by law clerks Craig ($125) and Burgin ($125) consistent with the Local Rules' guidelines. Nonetheless, for several reasons discussed below, the

Court declines to award defendants the $45,588.50 in attorney's fees requested in their Petition.

First, defendants' fee request includes activities outside the scope of Judge Coulson's recommendations.   In the R&R, Judge Coulson specified that "Defendants [should] be awarded reasonable **attorney's fees incurred in drafting ECF No. 51**…"  (ECF No. 58 at 12.)  The fee request seeks an award for work performed responding to plaintiff's Motion to Modify the Discovery Dispute Schedule (ECF No. 40).   While the Court recognizes that these activities were related to the Motion for Sanctions, the Court declines to award the $1,698.06 requested for these activities.  (ECF No. 63-2 at 6.)  Similarly, the Court declines to award the $4,387.50 requested for the work performed assessing and preparing the pending fee petition.  (*Id.* at 8.)  Finally, while the Court does not wish to minimize the importance of attorneys' communication with their clients, the $762.00 requested for time spent communicating with the client is outside of the scope of Judge Coulson's recommendations.

Second, defendants request an award of fees for research and strategy activities which, in light of the time subsequently spent drafting, reviewing, and preparing the Motion for Sanctions, appear to be excessive.  Thus, the Court declines to award $3,399.50 requested for such activities between April 30, 2015 and May 1, 2015.  (ECF No. 63-2 at 2.)

Third, the Court declines to award attorney's fees for two specific time entries.  One time entry by Attorney Teare dated June 3, 2015 contains no description of the work performed.  (ECF No. 63-2 at 4.)  Second, the purpose of the 5.6 hours spent by Law Clerk Burgin "[o]versee[ing] Prudential Associates' imaging of Plaintiff's hard drive in Rockville,

MD" is unclear based on the petition. (*Id.* at 5.) Given defendants' subsequent reliance on (and fee requests for time spent reviewing) the expert reports created by Prudential Associates and Vestigant *based on these activities*, the Court declines to award fees for this 'oversight' activity. The Court therefore deducts an additional $753.00 from its intended award.

Based on these deductions amounting to $11,000.56, the adjusted total of defendants' fee request should be $34,587.94. While such an award would be entirely reasonable in many cases, the plaintiff's *pro se* status in this case persuades this Court that a significantly lower award of attorney's fees is appropriate.

Initially, this Court notes Judge Coulson's caution that plaintiff's ability to pay should be taken into consideration. (ECF No. 58 at 12.) Furthermore, this Court is cognizant of the financial burden imposed upon the *pro se* plaintiff to pay even a reduced amount of defendants' attorney's fees in this matter. Nevertheless, the plaintiff's conduct in this case cannot be ignored. The spoliation of evidence is not taken lightly by this Court. Furthermore, the conduct of plaintiff in this case precipitated the need for her counsel to withdraw their appearance.

Accordingly, this Court awards defendants **$11,529.00** in attorney's fees based on their successful Motion for Sanctions. This amount represents one-third (33.3%) of the adjusted total fee request, as explained above. Plaintiff shall pay this amount to counsel for defendants **no later than March 20, 2017**, ninety (90) days from the date of this Memorandum Order.

CONCLUSION

For the foregoing reasons, it is hereby ORDERED that:

1.  Defendants' Petition for Attorney's Fees (ECF No. 63) is GRANTED in part;

2.  Defendants are awarded **$11,529.00** in attorney's fees;

3.  Plaintiff Karen Ericksen shall pay **$11,529.00** to counsel for defendants no later than March 20, 2017;

4.  A Revised Scheduling Order shall be entered in this case.


Dated: December 20, 2016                           /s/                           
                                          Richard D. Bennett
                                          United States District Judge