IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| KAREN ERICKSEN, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. RDB-14-3106 |
| KAPLAN HIGHER EDUCATION, LLC, et al., | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM ORDER**

Plaintiff Karen Ericksen asks this Court to vacate its February 22, 2016 Order ("Order") (ECF No. 62) adopting Magistrate Judge Coulson's Report and Recommendations ("R&R") (ECF No. 58) regarding plaintiff's spoliation of certain evidence in this case. ("Plaintiff's Motion") (ECF No. 64.)  The parties' submissions have been reviewed, and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2016). For the reasons stated below, Plaintiff's Motion (ECF No. 64) is DENIED.

### BACKGROUND

The facts giving rise to this matter are set forth in Judge Coulson's R&R (ECF No. 58) and supplemented in this Court's Order (ECF No. 64).

### STANDARD OF REVIEW

To support a motion for relief from an Order under Rule 60(b), the moving party must show "timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances." *Hale v. Belton Assoc., Inc.*, 305 Fed. Appx. 987, 988 (4th Cir. 2009)

(quoting *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993)).  If these threshold requirements are met, the moving party must then show: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; or (6) any other reason justifying relief from the operation of the judgment.  *See* Fed. R. Civ. P. 60(b).  The moving party "must clearly establish the grounds therefore to the satisfaction of the district court," and those grounds "must be clearly substantiated by adequate proof."  *In re Burnley*, 988 F.2d 1, 3 (4th Cir. 1992) (citations omitted).  "Rule 60(b) provides extraordinary relief and may only be invoked under 'exceptional circumstances.'"  *Mines v. United States*, No. WMN-10-520, 2010 WL 1741375, at *2 (D. Md. April 28, 2010) (quoting *Compton v. Alton Steamship Co., Inc.*, 608 F.2d 96, 102 (4th Cir. 1982)).

## ANALYSIS

I.      **Plaintiff's Motion is Timely**

Rule 60(c) provides that a "motion under Rule 60(b) must be made within a reasonable time," and specifies a one year limit on motions made on the basis of Rule 60(b)(1), (2), and (3).  This Court's Order was issued on February 22, 2016.  (ECF No. 62.)  Plaintiff asserts that she did not receive a copy of the Order and that she first became aware of the Order on March 22, 2016.  (ECF No. 64 at ¶¶ 1-2.)  Plaintiff filed her Motion the following day, March 23, 2016.  As fewer than thirty (30) days passed between the issuance of the court's Order and the filing of plaintiff's Motion, the Motion was filed in a reasonable time and will be considered.

**II.     Plaintiff's Motion Fails to State a Basis for Vacation of the Order**

Plaintiff has not raised any persuasive arguments why she should be afforded relief based on Rule 60(b). The arguments raised in plaintiff's Motion merely seek to relitigate matters already adjudicated by both Judge Coulson and the undersigned, and do not point to any mistake, newly discovered evidence, fraud, or misconduct by Defendant so as to warrant relief under Rule 60(b). *See generally Pac. Ins. Co. v. Am. Nat. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (stating that the procedurally related motion for reconsideration "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to" the court's decision). In addition, while the Motion challenges the manner in which defense counsel zealously advocated[1] its position, the Motion fails to demonstrate any plausible misconduct or fraud on the part of defendants which might entitle her to relief. In sum, plaintiff has failed to demonstrate a basis for vacation of the Court's Order adopting Judge Coulson's R&R. Accordingly, Plaintiff's Motion must be DENIED.

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that plaintiff Karen Ericksen's Motion to Vacate (ECF No. 64) is DENIED.

Dated: December 20, 2016                             /s/
                                                                    Richard D. Bennett
                                                                    United States District Judge

---

[1] *See, e.g.*, ECF No. 64 at 5, 14 ("They have presented only documents that were created by themselves or their Forensic Expert…"; "Defendant's Counsel had no 'good faith basis' except for their own agenda."). This is not the first time that the Plaintiff has made allegations against attorneys in this case. She previously had made accusations against her own counsel in a Request to Have The Court Intervene to File Motion or Order to Stay Proceedings. (ECF No. 47.) *See* Response by Counsel (ECF No. 54.) This Court ultimately granted the Motion of her counsel to withdraw. (ECF No. 55.) She has proceeded *pro se* since September 30, 2015.